United States District Court
Southern District of Texas
**ENTERED**
November 08, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIM. ACTION NO. 3:16-0007-1 |
| | § | |
| TRACEY LYNN BAUTISTA | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Tracey Lynn Bautista filed a motion for compassionate release (Dkt. 61) seeking release from the Bureau of Prisons ("BOP") under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. The Government has responded in opposition and has supplied Bautista's medical records (Dkt. 62; Dkt. 63). Bautista filed a reply (Dkt. 64). Having fully considered the motion, the briefing and supporting documents, the applicable law, and all matters of record, the Court **DENIES** Defendant's motion for the reasons explained below.

### I.   BACKGROUND

On January 26, 2017, Bautista pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(2)(B) and 2252A(b)(1). There was no plea agreement. Bautista admitted to using a messenger app to send a photograph of her 16-year-old daughter with the minor's breasts exposed. She also had a collection of 469 pornographic images, including images of children under 12-years-old and images with bondage or violence. On April 12, 2017, the Court imposed sentence of 112 months of imprisonment with a 10-year term of supervised release. This sentence was within the

guideline range of 108-135 months. *See* Dkt. 37 (Re-arraignment); Dkt. 42 (Pre-sentence Investigation Report); Dkt. 48 (Judgment); Dkt. 49 (Statement of Reasons).

Bautista filed a motion for compassionate release based on her medical condition, which she states place her at high risk for complications from COVID-19; the Bureau of Prisons' alleged mismanagement of the pandemic; and the needs of her parents. She requests a reduction of her sentence to time served, arguing that her 112-month sentence "may have been more than reasonable at the time" of sentencing, but that "new and extenuating circumstances make continued imprisonment unnecessarily hazardous and severe" (Dkt. 61, at 2). The Government opposes Bautista's release.

According to publicly available BOP records, Bautista's projected release date is May 17, 2025. *See* Find an Inmate, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Nov. 5, 2021). To date, Bautista has served approximately half of her term of incarceration.

## II. COMPASSIONATE RELEASE UNDER U.S.C. § 3582(c)

In general, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Bautista moves for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to grant such a reduction either upon motion by the Director of the BOP or upon motion of the defendant after exhaustion of administrative remedies. In particular, the statute permits the sentencing court to grant a reduction in sentence, following consideration of factors set forth in 18 U.S.C. § 3553(a), where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by

the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). The court must provide a "thorough factual record" and "specific factual reasons" for its decision, including but not limited to consideration of the § 3553(a) factors. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

A prisoner must exhaust administrative remedies before seeking relief under § 3582(c)(1)(A). *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020). The parties agree that Bautista has exhausted her administrative remedies with the Bureau of Prisons (*see* Dkt. 61-1).

### A. Extraordinary and compelling reasons

A reduction in sentence may be based in part on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission's policy statement lists four factors that support a finding of "extraordinary and compelling reasons" under the statute: (A) certain medical conditions of defendant; (B) the defendant's advanced age, in combination with additional factors; (C) death or incapacitation of the caregiver for the defendant's minor children or incapacitation of the defendant's spouse; and (D) other reasons. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1. Although district courts are not bound by the policy statement or its commentary, these factors inform the courts' analysis of motions under § 3582(c). *Shkambi*, 993 F.3d at 393; *Thompson*, 984 F.3d at 433.

Bautista seeks release based on her medical condition in combination with the COVID-19 pandemic, the BOP's alleged mismanagement of the pandemic, and her desire to assist her parents. As for her medical condition, Bautista directs the Court's attention to her spleen removal before her incarceration, which she states compromises her immune system. She also is medicated for asthma and hypothyroidism (Dkt. 61, at 9; *see* Dkt. 62-1 (medical records)). She acknowledges that these conditions are controlled but argues that they make her more susceptible to serious illness from the COVID-19 virus and thus are compelling grounds to reduce her sentence (Dkt. 61, at 8-10; Dkt. 64, at 8). She further argues that prevention measures in BOP are "markedly substandard" because social distancing and proper sanitation are "impossible" and because BOP personnel fail to enforce or deliberately disobey masking and distancing guidelines, citing to her statement detailing the issues (Dkt. 61, at 10; *see* Dkt. 61-2 (Bautista's statement regarding conditions in BOP during pandemic)). However, Bautista does not allege that she has a terminal condition or that her condition prevents her self-care or ability to function in prison. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A). To the extent she relies on her imprisonment during the COVID-19 pandemic, the pandemic itself is insufficient to justify release. Although some courts have granted release during the pandemic to defendants who have severe high-risk conditions and have served the majority of their sentences, "general fear of infection with the COVID-19 virus does not entitle a defendant to release, especially when the cited medical conditions are controlled." *See Thompson*, 984 F.3d at 434-35.

Regarding her family considerations, Bautista seeks a reduced sentence because

her father is incapacitated by severe Parkinson's disease and congestive heart failure, stating that her mother has been the primary caregiver but is hindered by "near-constant chronic pain" in her back following a car accident several years ago (Dkt. 61, at 14; *see* Dkt. 61-3). However, as Bautista acknowledges, the needs of elderly parents is not a factor listed in the statute. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1(C) (providing for situations involving an incapacitated caregiver of the defendant's minor child or spouse). Additionally, Bautista's proposed release plan indicates that a sister and other extended family are near her parents in Ohio (Dkt. 61-2; Dkt. 61-3; Dkt 61-4; Dkt. 61-5).

Bautista fails to show extraordinary or compelling reasons warranting a reduction of her sentence.

### B. Factors under 18 U.S.C. 3553(a) and 18 U.S.C. § 3142(g)

Even if Bautista could demonstrate extraordinary and compelling reasons, § 3582(c)(1)(A) requires her to demonstrate that the sentencing factors in 18 U.S.C. § 3553(a) support her release. The applicable factors include the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; and the need to provide the defendant with training or treatment in the most effective manner. *See* 18 U.S.C. § 3553(a). The Commission's non-binding policy statement in U.S.S.G. § 1B1.13, which requires consideration of

whether the defendant is a danger to any other person or the community as provided in 18 U.S.C. § 3142(g), also informs the Court's analysis.[1]

Bautista maintains that she has dedicated herself to rehabilitation, citing multiple courses she has completed in BOP, her non-mandatory sex offender treatment, her employment, her BOP record, and her release plan. She urges that her sentence should be no greater than necessary, that she is not a danger to others, and that she faces substantial risks from continued incarceration (Dkt. 61, at 15-17). She also requests that the Court consider other types of punishments, such as increased terms of supervised release with electronic monitoring (Dkt. 64, at 8-9).

Bautista's conduct underlying her conviction placed her minor daughter in harm's way, demonstrated her danger to her daughter and others, and caused the Court to reject her request for a downward variance at sentencing. The Court carefully assessed Bautista's 112-month sentence to protect the public and reflect the seriousness of her offense, as provided by § 3553(a), finding that the sentence was sufficient but not greater than necessary. These same factors weigh against a reduction in her sentence at this point, when Bautista has served approximately half of her sentence.

---

[1] The factors under § 3142(g) overlap substantially with the factors listed above for § 3553(a). *See* 18 U.S.C. § 3142(g) (factors relevant to determination regarding whether the defendant is a danger to others or the community include the nature and circumstances of the offenses of conviction; the weight of the evidence; the defendant's history and characteristics; and the nature and seriousness of the danger posed by the defendant's release).

### III.    CONCLUSION

For the reasons stated above the Court **ORDERS** that Defendant Tracy Bautista's motion for compassionate release (Dkt. 61) is **DENIED** under 18 U.S.C. § 3582(c)(1)(A).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 8th day of November, 2021.

*[Signature]*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE